**STRASS, Plaintiff-Appellee, v CHAGRIN RIVER HARDWOOD CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20655. Decided September 29th, 1947.

Clifford E. Bruce, Cleveland, for plaintiff-appellee.

Phillips, Falsgraf & Reidy, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

The petition in this case sets up four causes of action. Judgment was granted in favor of the plaintiff on the first two causes of action and for the defendant on the third and fourth causes of action. The defendant has appealed from the judgment on the second cause of action which judgment was rendered for the plaintiff in the amount of $710.00. No other appeal was taken by either side.

The record shows that the plaintiff was acting as·an agent to spot or to locate timber rights for the defendant and other companies. The plaintiff is not a licensed real estate broker and accordingly did not present or negotiate the sale of the fee of the properties.

The plaintiff testified that when he had spotted or located timber in which he believed the defendant might be interested, he submitted the proposition to the defendant. If the defendant later purchased the timber the plaintiff would receive by way of commission ten percent (10%) of the purchase price. The defendant denied that there was any fixed percentage to be paid to the plaintiff but stated that the commission to be paid in each case was determined by negotiations between the plaintiff and defendant. The defendant conceded that in a number of cases the commission of 10% to be paid him had been reduced by the agreement of the parties.

It is unfortunate that the agreement between the parties was never reduced to writing. Therefore the contract be-

tween the parties is to be determined by their conduct, and their conversations.

The evidence discloses that when plaintiff and Fitzgerald, representing the defendant, were examining a piece of property in Ashtabula County with one Smith, the latter stated to both of them that there was some timber that might be for sale on the adjoining property known as the Kinleyside property. Later it was discovered that this adjoining property belonged to an estate represented by Mr. Wonders, an attorney in Warren, Ohio. The plaintiff examined the title in the county records at Jefferson, Ohio and together with Mr. Fitzgerald interviewed Wonders in Warren. They were informed by Mr. Wonders that neither the property nor the timber would be offered for sale at private sale but that the fee of the property, including the timber, would be sold at public auction on May 10, 1945 in front of the court house in Jefferson, Ohio. The plaintiff was told by Fitzgerald representing the defendant, that if the defendant succeeded in purchasing the property at public sale "there wouldn't be any commission for the plaintiff" or "not very much anyways."

Mr. Fitzgerald testified that he told the plaintiff "if I had to pay him 10% I would automatically eliminate myself."

The property was appraised at $9300.00. The defendant succeeded in becoming the purchaser of the property at the public sale for a price of $10,600.00.

The plaintiff in his third cause of action sued for $710.00 on the basis that the value of the timber on the tract was $7500.00 and that the plaintiff was therefore entitled to a judgment for 10% of that amount, less $40.00 credit.

It is our opinion that this verdict is against the manifest weight of the evidence for the following reasons:

1. The defendant failed to purchase the timber rights for $7500.00 or any other figure. The whole property went to public sale.

2. The understanding between plaintiff and defendant contained no provision as to a purchase by the defendant at a public sale, especially where the entire fee was purchased and the sale of the timber rights was not separately negotiated.

The plaintiff at all times carefully refrained from negotiating the sale of the fee of properties inasmuch as he was not a duly registered real estate agent.

3. When the plaintiff and the defendant failed in their attempts to negotiate the purchase of timber rights in the tract at private sale and the plaintiff was told that if the defendant should succeed in purchasing the tract at public sale, the plaintiff would not be entitled to a 10% commission the

plaintiff made contact with two other persons, Smoker and Farinacci, competitors of the defendant engaged in the same business, with a view of having them become bidders at the public sale. A representative of Smoker and Farinacci was present at the sale but did not put in a bid.

The action of the plaintiff in securing two other possible bidders at public sale was contrary to his duty of loyalty to the defendant, if he considered the defendant to be his principal.

26 O. Jur., p. 158, 13.

"It is a well settled principle that the agent is bound to serve the principal with all his skill, judgment and discretion. Therefore, the agent cannot divide this duty and give part to one employer and part to another. If he does so by engaging with the second, he forfeits his right to compensation from the one who first employed him. By the second engagement, the broker if he does not disable himself from rendering to the first employer the full quantum of service contracted for, at least tempts himself not to do so."

Mr. Strass recognized this duty of loyalty because he testified as follows:

"Q. When you submitted a tract of timber to the defendant, The Chagrin River Hardwood Company, if they indicated they were interested, would you then submit it to other competing companies?

A. Not until they passed upon it."

Although under all the facts the proof in this case fails to show a right in the plaintiff to recover a 10% commission on the sale of the timber rights set forth in the third cause of action, the evidence discloses that the plaintiff rendered some services to the defendant in looking up and tracing the title to the tract which may have been of some value to the defendant. Plaintiff, however, did not file suit for the value of his services but for recovery and breach of an oral contract.

As already stated, it is our opinion that such a recovery was against the manifest weight of the evidence.

For the reasons set forth herein, the judgment of the common pleas court is reversed and the cause is remanded for further proceedings according to law. Exceptions.

HURD, PJ, and SKEEL, J, concur.